**SNAP-TITE, INC., Plaintiff-Appellant, v. NOLL EQUIPMENT COMPANY, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23749. Decided June 6, 1956.

Jones, Day, Cockley & Reavis, Thomas P. Mulligan, of Counsel, for plaintiff-appellant.

Samuel K. Walzer, Stanley B. Wiener, for defendant-appellee.

## OPINION

By SKEEL, J:

This appeal comes to this Court on questions of law and fact from a judgment entered for the defendant in the Common Pleas Court of Cuyahoga County. The action is one to rescind a sale of a lathe and for the return of the purchase price and for special damages incurred because of the unsatisfactory operation of such lathe, causing loss in the operation of plaintiff's plant, and for the return of freight paid by the plaintiff.

The plaintiff's petition presents a cause of action for rescission based on breach of warranty, the allegations being that they informed the defendant as to the nature of the work for which they needed a lathe, that defendant represented and warranted that the lathe offered plaintiff was suitable for the purpose, that it was reconditioned and guaranteed to be satisfactory mechanically. It is further alleged that for a number of reasons the lathe did not meet the requirements of the plaintiff nor conform to the express warranty of the defendant; that when plaintiff discovered the breach of warranty, the defendant was notified but that it "failed and refused to take any corrective action." It is then alleged that on April 13, 1953, the defendant was notified of

the plaintiff's election to rescind the sale and a request was made for the return of the purchase price.

The amended answer and cross-petition of the defendant alleges that on January 12, 1953, the defendant, pursuant to its written quotation and the plaintiff's purchase order for a No. 5 Used Gisholt Turret Lathe, sold the same to the plaintiff for $7825.00. That it received the consideration therefor and the lathe was delivered about February 1, 1953. The defendant says that the plaintiff returned the lathe without its consent on April 13, 1953, and that plaintiff was notified that unless the machine was "picked up" on or before June 5, 1953, storage charges would be made. This the plaintiff failed to do and defendant seeks storage charges at the rate of $25.00 per day.

The amended answer also alleges that the written contract of sale provided that "if the above described reconditioned machine was not satisfactory mechanically, the purchaser could return it, freight prepaid, within thirty days and we will refund the purchase price in full." The plaintiff, it is alleged, failed to return the machine within the thirty day period or within a like period provided by Ceiling Price Regulation No. 80 of the Office of Price Stabilization of the United States, then in full force (the contract for the lathe being made within and controlled by such price stabilization regulations) by reason thereof plaintiff waived and is estopped from asserting its claim of rescission.

The plaintiff, by reply and answer to defendant's cross-petition, while admitting the thirty day provision of defendant's quotation and that the provisions of Ceiling Price Regulation No. 80 were in full force until March 12, 1953, denies any waiver or that it is estopped of its right to claim rescission and to rescind the contract. By motion subsequently filed, the plaintiff by leave of court over defendant's objection, amended its petition to state that if the contract required the plaintiff to return the lathe at any time prior to April 13, 1953, that the defendant waived such requirement.

The facts, except as to the extent, if any, that the lathe was in disrepair when received by the plaintiff, are not in great dispute. In January and February and until the early part of March, 1953, when price regulations were removed, machine tools were hard to get. In fact, the sale of this lathe to the plaintiff was accomplished only by securing a waiver or release of a prior claim to it by the Kaiser Fraser Company.

The facts, sustained by the evidence, show that the defects which plaintiff relies upon as grounds for exercising the right to rescind, claiming a breach of warranty, were known to the plaintiff within a few days after receiving delivery of the lathe. The provisions of the offer to sell showed clearly that the plaintiff had thirty days from February 2, 1953, to return the lathe and demand return of the purchase price. That such was the agreement is given support by plaintiff's letter of April 20th, 1953, which in part, is as follows:

"This confirms our telephone conversation of Friday, April 17th, concerning our Purchase Order No. 8307—your invoice No. 3843, for the Gisholt Turret Lathe, which we have now returned to you asking that you sell same and refund our money inasmuch as this machine has not

performed in our plant to our satisfaction and also we notified you of its unsatisfactory condition before the thirty days were up."

But notice did not come within the terms of the contract. The contract required the reshipment of the lathe to the seller freight prepaid.

The evidence clearly shows the plaintiff, knowing machine tools were hard to find, did not want to return the machine but instead attempted to make it work with full knowledge of its condition. There is not a syllable of evidence indicating a direct and unequivocal rescission or that the seller by its conduct waived or extended the written terms of the sale as agreed upon. Not only is this conclusion sustained by the record, but the fact that the agreement was within the provisions and limitations of the Price Stabilization Act is clearly established.

The Sales Act of Ohio provides three remedies for breach of warranty,—recoupment, counter-claim and rescission. (Sec. 1315.70 R. C.) These remedies are exclusive of each other as is provided by this section.

Here the contract restricted the right of rescission to a thirty day period, requiring the plaintiff to ship the machine back if not satisfactory. The plaintiff failed to act in claiming such right within the time agreed upon. The action is pleaded in rescission so that damages for breach of warranty are not available to the plaintiff. We do not hold that the terms of the contract prevented any other remedy for breach of warranty as prescribed by statute but rather that having pled rescission, actions for damages or recoupment are not here available.

In Williston on Sales, Revised Edition, Vol. 3, Para. 611a, at Page 361, the author says:

"Conditions are often imposed in contracts qualifying the buyer's remedies for breach of warranty, and such conditions are especially common where a right of rescission is stipulated for. If such conditions are imposed, of course, in order to entitle the buyer to the stipulated remedy, they must be observed. As for instance, that notice of defects shall be given to the seller, or given within a certain time, and perhaps also that he shall have an opportunity to rectify them. If return of the goods within a given time is required, notice of the defects is not a compliance with the condition. But as conditions qualifying the buyer's remedy are for the seller's benefit, he may waive them. For instance, if he undertakes to repair defects he cannot afterwards insist upon a condition requiring notice. Likewise if he repudiates his obligation the buyer's further compliance with preliminary conditions is excused. A contract may also exclude rights of rejection or rescission and provide for damages as the only permissible redress for defects in the goods."

See also Para. 612 on Page 362, dealing with the rule that remedies are mutually exclusive.

We must conclude, therefore, that the plaintiff is not entitled to the relief prayed for and a decree is entered for the defendant on plaintiff's petition.

The defendant's cross-petition seeks a judgment for storage on a quantum meruit basis, there being no agreement on that subject on April 13th, when the plaintiff shipped the lathe back to the defendant. The defendant acknowledged receiving it and then notified the plaintiff

that it would be held on a consignment basis for sale. On June 22nd, 1953, the defendant notified the plaintiff that it had held the machine on consignment since May 13th and asked whether or not it should hold it longer for sale or return it. There was here no claim or demand for storage. There is no rule of law that one holding a machine for sale on consignment, that is in bailment, is entitled to charge storage while so held nor is there any evidence as to what the reasonable storage charges might be under the circumstances. The machine was that of the plaintiff. If the defendant, after holding it for a reasonable time for resale, did not wish to continue to hold it upon consignment, it was privileged to return it to the owner. This was not done. We must conclude that the defendant has no enforceable claim for storage. A decree must be entered for the plaintiff on defendant's counter-claim for storage.

One other question should be considered. This appeal was filed in this Court on questions of law and fact. Upon the law and fact call, under the rule of this Court, to determine whether the appeal was properly here on law and fact, in response to the Court's question as to the nature of the action, it was said in open court by agreement of counsel to be one seeking rescission of a contract. Without objection of either party, the Court retained the appeal on questions of law and fact.

When the case came before us on the merits, it soon developed that the rescission prayed for was under the Sales Code (§1315.70 R. C.) for breach of warranty, and therefore an action at law and not in equity, and that the appeal should have proceeded as one on questions of law. There was, however, no objections to its proceeding as an appeal on questions of law and fact (in fact the parties insisted that it was an equity case) and so we have retained it on that basis and the case tried as a law and fact appeal on a stipulation that it would be tried on the record produced in the trial court. The transcript of the evidence filed in this Court, therefore, contains all of the evidence heard by the trial court as per the terms of the stipulation.

In the case of **Union Trust Co. v. Lessovitz, 122 Oh St 406,** the fifth paragraph of the syllabus provides:

"5. If, before trial in the appellate court, the appellee fails to challenge its jurisdiction to hear the appeal by motion to dismiss, or if such motion, having been filed, is withdraw, and if, in either event, the appealed case is thereafter heard, the appellee cannot thereafter challenge the appealability of the case."

For the foregoing reasons, a decree may be entered for the defendant on plaintiff's petition and for the plaintiff on defendant's cross-petition, costs to be assessed against the plaintiff.

Exceptions noted. Order see journal.

KOVACHY, PJ, HURD, J, concur.